## KELLY v. GODARD.

No. 7270—Opinion Filed July 11, 1916.

(158 Pac. 1151.)

### Libel and Slander—Privilege—Scope of Privilege.

P. M. K. was a night watchman of the city of Frederick. C. F. Cline was the mayor of said city, and J. T. G. was councilman of said city. No charges were pending, nor was the official conduct of said P. M. K. being investigated, when J. T. G. spoke of and con-

cerning said P. M. K. that he had caught P. M. K. stealing baled hay and other statements libelous per se. The only defense interposed by the answer was that said words spoken of and concerning said P. M. K. were privileged. Held, that said libelous words, spoken of and concerning said P. M. K., were not a privileged communication, and not a defense to this action, and the court erred in overruling the demurrer to the answer.

(Syllabus by Collier, C.)

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by P. M. Kelly against J. T. Godard. There was a judgment for defendant, and plaintiff brings error. Reversed and remanded.

S. H. Hodges and Ahern & Searcy, for plaintiff in error.

Mounts & Davis, for defendant in error.

Opinion by COLLIER, C. Plaintiff in error filed his petition in the district court of Tillman county, Okla., in which he charged defendant in error with slandering him, and predicated said charge upon the following allegation, to wit: That the defendant in error in a certain discourse and conversation, which the said defendant had with C. F. Cline and other persons whose names are to the plaintiff unknown, maliciously spoke and published of and concerning the plaintiff certain false, malicious, and defamatory words as follows, to wit: That he had caught plaintiff in error, on two different occasions, stealing baled hay, and that he had been caught stealing coal from L. M. Smith; that his barn was burned about the same time in the morning that he had caught him stealing on one occasion, thereby meaning that plaintiff burned defendant's barn, and averred that said words spoken of and concerning him were utterly false, malicious, and slanderous. The defendant in error filed an amended answer, in which he admitted having the conversation set out in the petition and alleged that the defendant in error was, at the time of such conversation, a councilman for the city of Frederick, Okla., and that said C. F. Cline was the mayor of said city; that all the conversations had with C. F. Cline, as alleged in plaintiff's petition, were had in reference to the advisability of retaining the plaintiff on the police force of the city of Frederick; that in C. F. Cline was vested the appointing power and authority to remove from office the night watchman of the city of Frederick, which office the plaintiff in error was filling at the time; that it was the duty of defendant, as councilman, to inform the said Cline as to the fitness and qualifications of all officers of the city of Frederick: and that conversation was a privileged communication. There was no evidence that the character of plaintiff was under official investigation. The plaintiff in error demurred to the answer of said defendant, which demurrer was overruled and the action of the court thereon duly excepted to. The cause was tried to a jury, and resulted in a verdict for the defendant. Timely motion was made for a new trial, which was overruled and exception saved, and this cause brought here upon case-made and petition in error.

The defendant in error has not favored us with a brief in this case.

There are several errors assigned, but in the view we take of the case, we deem it unnecessary to review any of the errors assigned save and except the action of the court in overruling the demurrer to the answer of defendant. The defense interposed by the answer is that the words spoken as alleged in the petition were a privileged communication, but does not aver that the crimes charged against the plaintiff were true. Section 4958, Rev. Laws 1910, defines what constitutes a privileged communication, and is as follows:

"A privileged publication or communication is one made:

"First. In any legislative or judicial proceeding or any other proceeding authorized by law;

"Second. In the proper discharge of an official duty;

"Third. By a fair and true report of any legislative or judicial or other proceeding authorized by law, or anything said in the course thereof, and * * * criticisms thereon, and any and all criticisms upon the official acts of any and all public officers, except where the matter stated of and concerning the official act done, or of the officer, falsely imputes crime to the officer so criticized."

We are therefore of the opinion that the statement of the defendant in error as to the crimes charged to have been committed by the plaintiff in error was not a privileged communication, as it was not in the proper discharge of official duty of said councilman, as no official investigation of the character of plaintiff in error was being made, nor were any charges pending against him, and consequently the answer of defendant did not state a defense, and the court committed reversible error in overruling the demurrer of plaintiff in error to the answer filed by defendant in error.

We therefore recommend that said cause be reversed and remanded.

By the Court: It is so ordered.